## Case No. 1,527.

### In re BLANDIN.

[1 Lowell, 543;[1] 5 N. B. R. 39.]

District Court, D. Massachusetts. Feb. Term, 1871.

BANKRUPTCY — USE OF WIFE'S SEPARATE ESTATE BY BANKRUPT—PROOF OF DEBT TO WIFE.

1. The bankrupt's wife may prove as a creditor against his estate in bankruptcy for money realized by him out of property which she held as her separate estate under the statutes of Massachusetts, if the evidence clearly shows that the transaction was intended to be a loan and not a gift.

[Cited in Re Jones, Case No. 7,444; Re Jordan, Id. 7,511; Clark v. Hezekiah, 24 Fed. 664; Re Boston & Fairhaven Iron-Works, 29 Fed. 784; Fleitas v. Richardson, 147 U. S. 550, 13 Sup. Ct. 497.]

[See In re Bigelow, Case No. 1,398; Sigsby v. Willis, Id. 12,849; Muirhead v. Aldridge, Id. 9,904.]

[2. Cited in Re McLean, Case No. 8,879, to the point that the nineteenth section of the statute covers the indebtedness of a trustee to his cestui que trust, and makes it provable in bankruptcy.]

[3. Cited in Re Jordan, 2 Fed. 319, to the point that equitable debts may be proved in bankruptcy.]

[4. Cited in Wiswell v. Jarvis, 9 Fed. 87, to the point that an understanding between husband and wife that on his death she should have all his estate is not a good consideration for a conveyance to her as against creditors.]

[5. Cited in Re Boston & Fairhaven Iron-Works, 23 Fed. 881, to the point that an account of profits against an infringer of a patent right is provable in bankruptcy, being like an equitable claim for money had and received.]

Bankruptcy. This was a petition by the wife of [E. G. Blandin] the bankrupt for the allowance of a claim against his estate for property lent by her to him, with a promise made by him at the time of the loan that he would repay her. The property consisted of stock and money in savings banks to the amount of two thousand dollars, which the wife received as a distributive share from her mother's estate. With this the husband bought out a grocery store in Taunton, and after carrying on business for about a year, he failed. The question was whether such a claim could be proved against the estate of the husband in bankruptcy.

C. A. Reed and G. M. Reed, for petitioner.
J. H. Dean, for assignee.

LOWELL, District Judge. The statute of Massachusetts gives married women power to contract concerning their separate property, and to sue and be sued in all matters relating to the same, as if they were sole. Gen. St. c. 108, §§ 1-6. In this respect, the act may be said to be declaratory of the rules before adopted by courts of equity, though going much further in ascertaining what shall be considered separate property. This statute does not give any right to husband and wife to contract with each other, or to sue each other, at law; Lord v. Parker, 3 Allen, 127; Edwards v. Stevens, Id. 315; Knowles v. Hull, 99 Mass. 564. The bankrupt, therefore, having borrowed of his wife the money and personal property from which money was realized, the contract to repay it could not be enforced at law. And it is generally true, that a contract void at law is void in equity. To this general rule there are well-known exceptions, one of which is a contract between husband and wife concerning her separate property, which courts of equity will uphold and enforce. In this way a wife may become the creditor of her husband: Fenner v. Taylor, 1 Sim. 169; Towers v. Hagner, 3 Whart. 48; Riley v. Riley, 25 Conn. 154.

I do not understand that it has ever been decided in this commonwealth that these doctrines do not fully apply in equity to separate property held under the statute. It seems to me that the statute merely enlarges the field for the application of those doctrines; and I apprehend that, if a husband should possess himself of his wife's property, whether by force, by fraud, or by virtue of a contract to repay it, very little difficulty would be found in discovering a remedy in the courts of the state. The cases of Turner v. Nye, 7 Allen, 176, and Phillips v. Frye, 14 Allen, 36, differ

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

essentially from this case, because in neither of them was the property the separate estate of the wife; if it had been, I venture to think that the former case would have been decided in favor of the wife, although the latter might have been embarrassed by the want of full equity powers in the courts of probate. The turning point in both those cases was that the property not being separate, there was no valuable consideration for the promise, an objection equally fatal in equity as at law. In this I may be mistaken; but if so, it is not upon any question of the local law, but of the application of general rules of equity to that law, which is a point I should be obliged to decide for myself in any event. And my opinion is that in equity the petitioner has a right to be repaid out of the husband's estate, whether his obligation be called an equitable debt or a trust.

Whether in any given case the wife has such an equitable claim, is a question of fact. If she has permitted her husband to use her money, and especially her income, for a long course of years, the presumption of a gift is almost irresistible, and if a gift, she cannot recall it: Caton v. Rideout, 1 MacN. & G. 599; Gardner v. Gardner, 1 Giff. 126. If, on the other hand, he obtained the money without her consent, or on a promise to hold it as a trustee or to repay it, he must do so: Rich v. Cockell, 9 Ves. 369; Darkin v. Darkin, 17 Beav. 578; Rowe v. Rowe, 2 De Gex & S. 294; Walker v. Walker, 9 Wall. [76 U. S.] 743. In this case the evidence shows that the money realized from the wife's separate personal property was to be repaid.

Under these circumstances the wife claims the right to prove for the amount against the husband's estate in bankruptcy, or that the court, under its equitable powers, should order such a sum as may be just to be paid out to her by way of settlement. The case does not come within the latter alternative. There is no chose in action or special fund in the hands of the assignee, with which a court of equity can deal; the money has gone into the mass of the husband's assets, and the petitioner must come in as a general creditor, or not at all. That she or her next friend may prove as a creditor was held in Re Bigelow [Case No. 1,398]; Ex parte Wells, 2 Mont. D. & D. 504; Ex parte Thring, Mont. & C. 75. It is very doubtful whether such a debt could have been proved under the insolvent law of Massachusetts, for that law was considered to refer only to legal debts (Robb v. Mudge, 14 Gray, 540); but I have little doubt that equitable debts are within the scope of the bankrupt act. It seems to me to be the intent of that statute to give all creditors an equal share of the assets without regard to the mode in which their rights might have been enforced if there had been no bankruptcy; and that the debtor should be discharged from all debts and demands which are liquidated or capable of liquidation. In respect to both debtors and creditors the act is highly remedial, and the district court is vested with most ample equitable powers to enable it to work out full remedies to all persons. It has always been the law of England that equitable demands may be proved in bankruptcy: Ex parte Williamson, 2 Ves. Sr. 252; Ex parte Taylor, 2 Rose, 175. "A commission in bankruptcy," said Lord Eldon, "is nothing more than a substitution of the authority of the lord chancellor, enabling him to work out the payment of those creditors who could by legal action or equitable suit have compelled payment": Ex parte Dewdney, 15 Ves. 498. The nineteenth section of our statute makes provable all debts and liabilities, in language broad enough certainly to cover such as a trustee owes to his cestui que trust, or a partner to his copartner; and so of demands which, but for the bankruptcy, would be properly cognizable in a court of admiralty. If this be not so, I do not see how the law can be uniform, for proof of debts will depend on the remedies given in the several states, in one of which the very same debt might be sued at law which in another must be prosecuted in equity, and in some of which there is no distinction between law and equity.

The twenty-fourth section provides that a creditor who appeals from the rejection of his claim, shall file a statement in writing, setting forth the same substantially as in a declaration at law, and that like proceedings shall be had as in an action of law. This section, perhaps, is the one on which a doubt is raised, as it is precisely like the one referred to in the observations of the court in Robb v. Mudge, above cited. But the provision here seems to be made for the ordinary case. It is seldom that a debt is offered for proof, that could not be sued at law; and in this section, if it is to be taken literally, this very rare case is overlooked. But there is no sort of doubt that the circuit court has full appellate power, and that it may take such order in relation to appeals not fully provided for by section twenty-four as may be necessary to conform the proceedings to the nature of the case. It was not at all the purpose of that section to prescribe what debts might be proved, but merely the mode of conducting appeals; and it is, therefore, but slightly and incidentally that it supplies an argument for any construction of section nineteen.

The real difficulty in these cases is found in the evidence. There is great danger of fraud and mistake, and all demands of this sort must be examined with the utmost care. If on such examination the case is fairly made out, I have no right to disregard well-settled rules of equity, which declare and uphold the wife's right to recover.

Mrs. Blandin is to be admitted as a creditor for two thousand dollars, the sum advanced, without interest, the evidence showing no contract for interest.

Order accordingly.