## Case No. 1,462.

### BLACK v. McCLELLAND.

[12 N. B. R. 481;[1] 7 Chi. Leg. News, 420; 1 N. Y. Wkly. Dig. 174; 32 Leg. Int. 363; 23 Pittsb. Leg. J. 9.]

Circuit Court, W. D. Pennsylvania.  Sept. 4, 1875.

BANKRUPTCY—PROVABLE DEBT — VERDICT IN ACTION OF TORT—LEAVE TO ISSUE EXECUTION.

1. A mere verdict in an action for a personal tort is not a provable debt.

[Cited in Re Boston & Fairhaven Iron Works, 23 Fed. 881, 29 Fed. 784.]

2. A judgment entered in an action for a personal tort after the commencement of the

[1] [Reprinted from 12 N. B. R. 481, by permission. 1 N. Y. Wkly. Dig. 174, contains only a partial report.]

proceedings in bankruptcy, upon a verdict rendered before that time, is not a provable debt.

3. A party who holds a judgment entered in an action for a personal tort after the commencement of the proceedings in bankruptcy need not apply to the district court for leave to issue an execution.

[Appeal from the district court of the United States for the western district of Pennsylvania.

[In bankruptcy. Petition by C. L. Black for leave to issue process from the state court on a judgment entered therein May 6, 1875, on a verdict rendered January 12, 1875, against William H. McClelland, who was adjudicated a bankrupt March 20, 1875. From an order granting the prayer of the petition, the bankrupt appeals. Appeal dismissed.]

On the 11th of August last, application was made to Judge McCandless, of the district court of the United States, to permit the plaintiff to issue process on the judgment obtained by Black against McClelland, in the court of common pleas No. 2, for the county of Allegheny. The application set forth that on the 7th of May, 1874, an action was instituted in the district court (now court of common pleas No. 2), by Black against McClelland, for injuries done by McClelland to the petitioner in punching out his eye with an umbrella. The petitioner further sets forth that on the 12th of January, 1875, he recovered a verdict for three thousand eight hundred and fifty dollars against McClelland as damages; that on the 15th of January, 1875, a motion for a new trial was made, and on the 2d of April, 1875, after argument, this motion was refused; that on the 6th of May, 1875, judgment was entered on the verdict. That after the verdict and prior to the entry of judgment (to wit, on the 20th of March, 1875), said McClelland filed his petition in bankruptcy, and was on the same day adjudicated a bankrupt. The petitioner prayed the district court of the United States for leave to issue process from the state court for the collection of his debt.

The case was argued by David Reed, Esq., for Black, and C. S. Raymond, Esq., for McClelland, before his honor, Wilson McCandless.

The petitioner's counsel claimed, as the verdict was for damages in tort and no judgment being entered upon the verdict at the time of the adjudication in bankruptcy, it was not a debt provable in bankruptcy at the time of adjudication, and consequently the proceeding in bankruptcy was not a discharge of the debt, and he should be allowed to issue process for the collection of the debt.

To this application Judge McCandless made the following order on August 19th, 1875: "Motion allowed and leave granted to issue execution in the case of C. L. Black v. Wm. H. McClelland, No. ——, July term, 1874, common pleas, Allegheny county."

The defendant, McClelland, appealed to the circuit court, and the case was, on August

28th, 1875, argued by the same counsel, before Hon. Wm. McKennan, judge of the circuit court of the United States.

McKENNAN, Circuit Judge. By the 19th section of the bankrupt act, the time of the adjudication of bankruptcy is fixed as the date with reference to which the provable character of the bankrupt's liabilities are to be determined; liabilities which are not within the category of provable debts, as the act enumerates and describes them, are not chargeable upon the bankrupt's estate, and are not discharged by his certificate.

In this case the plaintiff was adjudicated a bankrupt on his own petition. Before the filing of the petition an action of trespass against him for an assault and battery, brought by the respondent in this proceeding in the state court, had been tried and a verdict rendered in favor of the plaintiff, but a motion for a new trial was made by the defendant, and judgment was not entered upon the verdict until after adjudication in bankruptcy. The question, then, upon which the result of the present proceeding depends is. whether the amount of the verdict is a provable debt against the bankrupt. In England this was long a subject of contention, and the decisions of the English courts touching it are in direct conflict with each other. But in Ex parte Hill, 11 Ves. 646, where the question came before Lord Eldon, incidentally, he discussed most of the cases on both sides of it, and expressed strong doubt of the soundness of those which held that a verdict in an action for damages for a tort was a provable debt in bankruptcy, and in Ex parte Charles, 16 Ves. 256, where it was directly presented for decision, he ordered a commission in bankruptcy to be superseded, which was issued upon a creditor's petition, whose debt consisted of a verdict for damages in an action of breach of promise of marriage rendered before the act of bankruptcy, and upon which judgment was entered before the allowance of the commission. At the same time he directed a case to be stated for the opinion of the judges of the king's bench, who after full argument and deliberate consideration of the question, with all the cases bearing upon it. unanimously certified their opinion that the debt of the petitioning creditor was not sufficient in law to support the commission. Ex parte Charles, 14 East, 197. Since then the law has been settled accordingly in England.

The phraseology of the American act seems to have been employed with reference to the exposition of the English statute. All debts due or owing before the bankruptcy are provable under the British statute, but in the enumeration in the American act, this class of provable indebtedness is restricted to debts which are not only due, but payable at the time of the adjudication, or whose payment is postponed to a future day.

Now, a claim which has not obtained the condition of a fixed liability cannot be characterized as a debt due and payable, either presently or at a future day, and such is the immature character of a mere verdict before judgment. It is subject to the control and discretion of the court, and may be superseded altogether by arresting judgment upon it, or by the allowance of a new trial. No action could be maintained upon it; it does not bear interest, and no determinate character is impressed upon it until the court has pronounced its judgment, that the plaintiff do recover from the defendant the amount of it. The judgment establishes the indebtedness and impresses the obligation of payment, and so may be said to create the debt. Not until it has passed is there a debt due and payable.

The respondent's debt was not, therefore, in the category of debts provable against the bankrupt's estate at the time of the adjudication, and so it was not necessary for him to apply to the bankruptcy court for leave to take judgment on the verdict, or to issue execution thereon; and the bill of review must be dismissed at the cost of the complainant.