## *In re* BOSTON & FAIRHAVEN IRON-WORKS.

### *Ex parte* CHILD.

(*District Court, D. Massachusetts.* November 18, 1884.)

BANKRUPTCY—DEBTS PROVABLE—INFRINGEMENT OF PATENT—PROFITS—REV.
ST. U. S. § 5067.

　　A claim for an account of profits against an infringer of a patent-right is provable against his estate in bankruptcy, under Rev. St. U. S. § 5067.[1]

In Bankruptcy.
*C. E. Washburn*, for the creditor.
*F. B. Greene*, for the assignees.

NELSON, J.　Cyril C. Child offered for proof against the estate of the Boston & Fairhaven Iron-works, in bankruptcy, a decree for $5,640.26, recently rendered in his favor by the circuit court of the United States for this district, in a suit in equity for the infringement of a patent pending against the bankrupt corporation at the commencement of the bankruptcy proceedings.　It was admitted at the hearing that the decree was solely for profits actually received by the corporation before the bankruptcy from the wrongful use of the invention secured by the plaintiff's patent, without any addition for damages; also that the decree might be admitted to proof under Rev. St. § 5106, if the court should be of opinion that such profits constituted a debt provable under the bankrupt act.

　　The bankrupt act allows proof of "all debts due and payable from the bankrupt at the time of the commencement of proceedings in bankruptcy, and all debts then existing, but not payable until a future day;" and further provides that "all demands against the bankrupt, for or on account of any goods or chattels wrongfully taken, converted, or withheld by him, may be proved and allowed as debts;" and also provides that "when the bankrupt is liable for unliquidated damages arising out of any contract or promise, or on account of any goods or chattels wrongfully taken, converted, or withheld, the court may cause such damages to be assessed in such mode as it may deem best, and the sum so assessed may be proved against the estate."　Rev. St. § 5067.　The language of this section is broad enough and was intended to include all debts founded on contract, express or implied, and all wrongful appropriations of personal property of every description, for which an action at law or in equity could be maintained against the bankrupt.

---

[1]NOTE BY THE COURT.　Reversed on appeal in the circuit court by COLT, J., on the ground that a claim for profits for the infringement of a patent is a claim for unliquidated damages for a tort, and therefore not provable; citing, as authorities for this, *In re* Schuchardt, 15 N. B. R. 161; Black v. McClelland, 12 N. B. R. 481; *In re* Hennocksburgh, 7 N. B. R. 37; Child v. Boston & Fairhaven Iron-works, 137 Mass. 516, and Root v. Railway Co., 105 U. S. 189.　See 23 Fed. Rep. 880.

It can be no valid objection to the proof that infringement of a patent is in the nature of a tort. Damages for mere personal torts, such as false imprisonment, (*In re Hennocksburgh,* 7 N. B. R. 37,) assault and battery, (*Black* v. *McClelland,* 12 N. B. R. 481,) deceit, (*In re Schuchardt,* 15 N. B. R. 161,) slander, (*Zimmer* v. *Schleehauf,* 115 Mass. 52,) are not provable, unless reduced to judgment or otherwise liquidated before bankruptcy. But wherever an action of trover, or trespass, or money had and received, will lie at common law for the conversion of property, the cause of action is provable. Thus, if the bankrupt has unlawfully converted to his own use personal property; or has committed trespass on land by cutting and carrying away growing trees, or removing fixtures; or has obtained money or property by fraud, forgery, or embezzlement—the cause of action is provable as a debt. "Debts created by the fraud or embezzlement of the bankrupt" are provable. Section 5117. The wrongful conversion by the husband of the wife's separate property is provable as an equitable debt. *In re Blandin,* 1 Low. 543. These are all cases of tort, yet they are provable nevertheless.

To the objection that the claim is for unliquidated damages for a tort, there are two answers: *First,* the act allows proof of unliquidated damages for the wrongful conversion of all kinds of personal property, and provides for their assessment; and, *second,* profits of an infringer of a patent are not unliquidated damages. They are as capable of being ascertained by simple computation, as the amount due on a promissory note. Courts of equity do not award unliquidated damages except in cases where there is no possible remedy at law. The right to damages in addition to profits given by Rev. St. § 4921, is a statute remedy, and does not affect the question.

Nor is it an objection that such profits are only recoverable in equity. Equitable debts are provable on the same footing as legal debts. It was said by Judge LOWELL in *Re Buckhause,* 2 Low. 331: "I have often decided that equitable debts may be proved under our bankrupt act, and I am not aware that a contrary decision has been made." See, also, *In re Blandin, supra.* It is a rule that any debt for which the creditor could have maintained a bill in equity against the bankrupt at the date of the bankruptcy can be proved; and the right to sue in equity is conclusive in favor of the right to prove in bankruptcy. The only exception is when the claim is barred by some conflicting equity as between different classes of creditors. *In re Lane,* 2 Low. 333. In such cases the debt may be proved against a surplus, and is released by the discharge. The district court is possessed of ample powers as a court of equity to ascertain the amount due on any equitable debt.

The theory on which courts of equity award profits against an infringer is stated and explained with great force and clearness in the elaborate judgment of Mr. Justice MATTHEWS in *Root* v. *Railway Co.,* 105 U. S. 189. It is only necessary to refer to that case for all the learning and all the leading authorities on the subject. It was decided in that case that a bill for an account of profits only, filed after the expiration of the patent, when the right to an injunction no longer remained, could not

be maintained, for the reason that the right to an account of profits was incident to the right to an injunction, and the fact of infringement alone created no such fiduciary relation between the patentee and the infringer as to confer jurisdiction on a court of equity to administer the trust, and compel the trustee to account. But in deciding this the court was careful to reaffirm with emphasis the well-established rule that, having once acquired jurisdiction upon the equitable ground of relief by injunction, the court would retain the cause for the purpose of administering a complete remedy; that, not being permitted by the principles and practice in equity to award damages, it would treat the infringer as though he were a trustee for the patentee in respect to profits, and would give profits as a substitute for damages; and in taking the account it would apply the same rule which it adopts in cases of trustees who have committed breaches of trust by an unlawful use of the trust property for their own advantage, and require the infringer to refund the amount of profit which he has actually realized. Pages 214, 215. The court cited with approval the language of Mr. Justice MILLER in *Burdell* v. *Denig*, 92 U. S. 716:

"Profits are not the primary or true criterion of damages for infringement in an action at law. That rule applies eminently and mainly to cases in equity, and is based on the idea that the infringer shall be converted into a trustee as to those profits, for the owner of the patent which he infringes."

What of all things in the world the court did not decide in *Root* v. *Railway Co.* was that, having jurisdiction to grant relief by injunction, it would not treat the infringer as a trustee for the patentee as to profits, and that profits are unliquidated damages. When the right to an injunction exists, the infringer's liability for profits is the same as that of a trustee who has misapplied the trust property to his own advantage; and he is held liable to account on the just and equitable principle applied in so many cases, both by courts of law and equity, that the wrongful use of the property of another raises on the part of the wrong-doer an implied contract to account to the owner for what has been gained by the use. If the patent has expired before the commencement of the proceedings, without suit brought, profits would not be provable in bankruptcy any more than they would be recoverable in equity. *Root* v. *Railway Co.* is authority for that. They are a debt in bankruptcy when they are a debt in equity, and no less or more a debt in one case than in the other. Profits are frequently decreed against an infringer where no injunction is or can be granted. *Clark* v. *Wooster*, 119 U. S. 322, 7 Sup. Ct. Rep. 217; *Hoe* v. *Boston Daily Adv. Co.*, 14 Fed. Rep. 914. Whether damages for infringement are provable, it is not necessary to inquire, that question not now being before the court.

Under the late English bankruptcy act of 1869, which differed from our act in expressly excluding from proof all demands in the nature of unliquidated damages founded on tort, and in not permitting proof of demands for goods and chattels wrongfully taken, converted, or withheld by the bankrupt, but which as to other provable debts was the same, profits for the infringement of a patent were provable as a debt arising in

contract. *Watson* v. *Holliday*, 20 Ch. Div. 780. In this respect the pres-ent English bankruptcy act of 1883 is the same as that of 1869. Robs. Banks, (4th Ed.) 258; Id. (5th Ed.) 281, 282; 32 & 33 Vict. c. 71, § 31; 46 & 47 Vict. c. 52, § 37. *Watson* v. *Holliday* was affirmed in the Court of Appeal; Sir GEORGE JESSEL, M. R., in pronouncing the judgment of the court, remarking: "The only fault I have to find with the judgment of the court below is that it is too long. The case is very plain, and beyond argument." 31 W. R. 536; 48 Law T. (N. S.) 545; or, as reported in 52 Law J. Ch. 543: "The answer to that objection is that it is not a demand for damages, and is provable; the point is simply unarguable." S. C. Jessel, Dec. 489. The case is not to be found with the Court of Appeal cases in the Law Reports, having been left out apparently as not presenting a question of enough difficulty and uncertainty to justify its being printed. By the law of England, as by ours, profits for infringement are given only as incident to the remedy by injunction. *Root* v. *Railway Co.*, 105 U. S. 207–213.

It was held by Judge STORY that damages for the infringement of a patent were a debt within the meaning of a statute making the members of a manufacturing corporation liable for its debts in certain cases. *Carver* v. *Braintree Manuf'g Co.*, 2 Story, 432. The supreme judicial court of Massachusetts has recently decided that profits of an infringer were not a debt, within the meaning of a similar statute. *Child* v. *Boston & Fairhaven Iron-works*, 137 Mass. 516. But these cases can have but little bearing in construing the provisions of a statute establishing an elaborate and comprehensive system of laws, such as the bankrupt act.

The case shows that the bankrupt corporation has received money from the wrongful use of property belonging to this creditor, for which it was liable to account, and at the date of the proceedings he was prosecuting his remedy for its recovery. The amount due has since been ascertained by the decree of the circuit court in the manner prescribed by law. The estate has been augmented at his expense to the full amount of the decree. That the patent had not expired before suit brought is testified by the decree itself. The debt does not seem to lack a single element necessary to make it provable. The same fault that was found by the court of appeal with the opinion of KAY, J., in *Watson* v. *Holliday* might also with equal justice be found with this; and for the same reason. The point is altogether too plain for argument. In my judgment it would be a pernicious as well as unreasonable interpretation of the act to hold that debts like this are not to share in the distribution of the bankrupt's estate. Proof allowed.