*In re* BOSTON & FAIRHAVEN IRON WORKS, Bankrupts.

*(Circuit Court, D. Massachusetts.  April 30, 1885.)*

BANKRUPTCY—CLAIM FOR PROFITS FOR INFRINGEMENT OF PATENT.
    A claim for an account of profits against an infringer of a patent-right is not provable against his estate in bankruptcy under Rev. St. § 5067.

Appeal in Bankruptcy.
*Browne & Browne*, for petitioners.
*C. E. Washburn*, for defendant.
COLT, J.  On March 2, 1878, the Boston & Fairhaven Iron Works filed a petition in bankruptcy in the United States district court of Massachusetts, and were adjudged bankrupts. On the twenty-second

of March, 1880, one Cyril C. Child, of Boston, recovered judgment in the United States circuit court for this district against the bankrupt corporation, for the sum of $5,640.26, and $1,773.28, costs of suit, upon a claim for profits from the infringement of a patent. On July 19, 1884, the proof of claim was duly presented before the register, who refused to allow the same, upon the ground that it appeared to be a claim for damages for infringement of a patent-right not converted into a judgment, or otherwise liquidated, prior to the date of bankruptcy. Subsequently, the district court held that the claim was provable against the estate under section 5067 of the Revised Statutes. This ruling was based upon the assumption admitted by counsel that the decree in the patent suit was not for damages but for the profits of the bankrupt corporation, as an infringer of the patent. The present hearing arises on an appeal by the assignees to this ruling of the district court.

A claim for damages for a tort is not a claim provable in bankruptcy, unless liquidated or reduced to judgment, prior to the date of proceedings in bankruptcy. *In re Schuchardt,* 15 N. B. R. 161; *Black* v. *McClelland,* 12 N. B. R. 481; *In re Hennocksburgh,* 7 N. B. R. 37.

A claim for an account of profits against an infringer of a patent-right has been held to be provable in bankruptcy, on the ground that it is not a claim for damages, but is more like an equitable claim for money had and received, for the use of the patentee, the wrong-doer being a trustee of the profits for the patentee. *Watson* v. *Holliday,* 20 Ch. Div. 780; *Re Blandin,* 1 Low. 543.

But this view has been disapproved by the supreme court in *Root* v. *Railway Co.* 105 U. S. 189, 214, where, upon careful consideration, it was held that the infringer of a patent-right was not a trustee of the profits derived from his wrong for the patentee; that to hold otherwise would, in effect, extend the jurisdiction of equity to every case of tort where the wrong-doer had realized a pecuniary profit from his wrong. The court decided that a bill in equity for a naked account of profits and damages against an infringer of a patent could not be sustained upon the ground that the infringer was a trustee for the profits. See, also, *Child* v. *Boston & Fairhaven Iron Works,*[1] recently decided by the supreme court of Massachusetts.

It seems to us that the reasoning of the court in *Root* v. *Railway Co.* is decisive of the question raised by this appeal. It follows that the claim of Child was not a claim provable against the estate of the bankrupts, and should not be allowed, and that the ruling of the district court should be reversed.