### PETER ZIMMER vs. JACOB SCHLEEHAUF.

Suffolk.    March 12. — 23, 1874.    COLT & ENDICOTT, JJ., absent.

In an action of tort to recover damages for slander and malicious prosecution, if the
defendant after verdict against him and before judgment is adjudicated a bank-
rupt under the U. S. St. 1867, c. 176, such a claim is not provable against his
estate, under § 19 of said act, and he is not entitled to a continuance of the
action to await the proceedings in bankruptcy, but the plaintiff is entitled to judg-
ment.

TORT to recover damages for slander and malicious prosecution
of the plaintiff.   After verdict and before judgment the defendant
filed his petition in the District Court of the United States for the
district of Massachusetts, for proceedings in bankruptcy upon his
estate, and was duly adjudicated a bankrupt under the bankrupt
law of the United States.   These proceedings having intervened
between verdict and judgment, the defendant moved for a con-
tinuance of this action to await the proceedings in the Bankrupt
Court, and the plaintiff moved for judgment.

At the hearing in the Superior Court, *Lord*, J., overruled the
motion of the defendant and allowed the motion of the plaintiff,
and ordered judgment to be entered on the verdict, to which
order the defendant excepted.

*B. E. Perry & S. W. Creech, Jr.*, for the defendant.   It is
admitted that the claim is not a "debt" until judgment; but
it is contended that it is a "liability" within the meaning of
the fourth clause of § 19 of the bankrupt act, which is as follows :
" In all cases of contingent debts, and contingent liabilities con-
tracted by the bankrupt, and not herein otherwise provided for,
the creditor may make claim therefor, and have his claim al-
lowed, with the right to share in the dividends, if the contingency
shall happen before the order for the final dividend."

*A. Russ & T. H. Tyndale*, for the plaintiff.

GRAY, C. J.   The bankrupt act of 1867, c. 176, § 19, declares
that no debts, other than those therein specified, shall be proved
against the bankrupt's estate.   The plaintiff's claim does not
come within either of the specified classes.   It is conceded that
it was not " a debt existing at the time of the adjudication of
bankruptcy," because a claim for damages in an action of tort

does not become a debt by verdict before judgment. It was not a demand for or on account of goods taken or withheld, nor a liability upon any contract. The only " contingent debts and contingent liabilities " allowed to be proved are those " contracted by the bankrupt." The plaintiff's cause of action did not arise out of any contract, or any injury to property, but out of a personal tort. It was therefore not provable under the bankrupt act, and the provision of § 21 for a stay of proceedings has no application.                    *Exceptions overruled.*