### THE CAROLINA.*

### FRY *v.* COOK and others.*

*(District Court, D. Louisiana.   April, 1876.)*

**1. ARREST IN ADMIRALTY.**
 The limitation in the statutes of the United States and the rules of the supreme court, allowing arrests in civil causes by virtue of a process from a court of the United States only in cases in which an arrest is authorized by the laws of the state in which such court was sitting, applies to admiralty as well as to common-law processes.

**2. ADMIRALTY JURISDICTION.**
 In the absence of circumstances showing cruelty or great hardship, the admiralty courts of the United States cannot be required or allow themselves to entertain jurisdiction of a case where subjects of a foreign government invoke their assistance against a merchant vessel of a foreign government.

*R. H. Shannon,* for libelant.

*Edward M. Hudson* and *J. Walker Fearn,* for respondents.

BILLINGS, D. J.   This is an action brought to recover damages for assault and battery, alleged to have been committed on the high seas. An order of arrest was at first issued, which, on argument, was vacated, on the grounds that the statutes of the United States and the rules of the supreme court allowed an arrest by virtue of a process from a court of the United States only in cases in which an arrest is authorized by the laws of the state in which such court was sit-

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

ting; that this limitation applied to admirality as well as to common-law processes; and that according to the laws of the state of Louisiana the body of a non-resident could not be taken on any mesne process unless he was an absconding debtor.

The case is now before me on an exception to the exercise of jurisdiction on the part of this court. I have directed testimony to be taken summarily before the commissioner on the merits, so that all the facts are before me. The question is, ought this court, from a regard to the commerce of a friendly government, to refrain from granting relief? It appears that the libelant is a foreigner, and a seaman on a British vessel, upon which the beating is alleged to have been inflicted, he having shipped in Liverpool for the round voyage to this country and back, and upon that voyage having arrived at the port of New Orleans; that the defendants are all British subjects. The British consul resident at this port, having been notified, came before me and, in behalf of his government, remonstrated against this court taking cognizance of the cause.

Independently of the considerations which arise from the nationality of the parties and vessel, the weight of evidence is against the libelant. But, as these considerations have been so fully and ably presented, I will avail myself of the aid which the proctors have rendered, and state my conclusion as to the duty of courts in exercising or withholding jurisdiction in such cases. It is undoubtedly true, as a general proposition, that an action for a personal tort follows the person, and may be brought in any foreign court. It is also true that the courts of a nation are established and maintained for the convenience of its own citizens or subjects, and if foreigners are permitted to become actors therein, it is because of what is termed comity between nations. American Law Review, vol. 7, p 417, and Daniel Webster's Works, (Everett's Edition) vol. 6, pp. 117, 118. The only ground upon which a foreigner could urge a claim to become a libelant in our courts would be that it was by comity due his government that its subjects should be thus heard, and, so far as this claim could be considered as a right, it could be insisted on only by that government, and, except in cases of inhumanity or gross injustice, would disappear whenever the claimant's government took a position against it.

There is in this case no circumstance such as the unwarranted termination of the voyage, the discharge of a seaman, or brutality, which might possibly constitute a proper ground for the interposition of the jurisdiction of a foreign court without the request of the representa-

tive of libelant's government. It is a suit brought by a foreigner springing out of a voyage on the ship of a friendly nation, in the midst of that voyage, against the subjects of that nation, on account of alleged grievances. The libelant not only proposes to disconnect himself from the ship, but asks the detention of ship, officers, and crew in a foreign port, in order to settle a dispute which can far better be settled by the tribunals of the country in which, under whose laws, and in connection with whose commerce, he made his contract, and to which he agreed to return. The representative of that country asks this court not to interfere. It is urged, and that fairly, that by the very agreement of the parties—the articles of shipping—the courts of the kingdom of Great Britain have been made the forum for the settlement of this dispute; that they afford adequate redress; and that for courts to entertain this and similar suits during a voyage which the parties had agreed to make at intermediate points at which the vessel might touch, would impose delays which might seriously and uselessly embarrass the commerce of a friendly power. The exercise of jurisdiction in such a case is discretionary, and, until the congress of the United States controls the subject by legislation, is discretionary with its courts, and should be controlled by precedent if that exist. In this case I am satisfied, by reason and abundant authority, that the court should decline to entertain jurisdiction. *Gienar* v. *Meyer*, 2 H. Bl. 603; *The Golubchick*, 1 W. Rob. 143; *Gonzales* v. *Minor*, 2 Wall. Jr., 348; *The Becherdass Ambaidass*, 1 Low. 569; *The Maggie Hammond*, 9 Wall. 435; *One Hundred and Ninety-four Shawls*, Abb. Adm. 317; *Gardner* v. *Thomas*, 14 Johns. 134; *Johnson* v. *Dalton*, 1 Cow. 543; and the very able articles on "suits between aliens in the courts of the United States," (7 Amer. Law Rev. 417,) from which a reference to many of the above cases was derived.

Let the libel be dismissed. Let the suit of the same libelant against the British bark Carolina, for the same reasons, be dismissed.

See *The Montapedia, post,* 427.