CHIESA *v.* CONOVER *et al.*

*(District Court, S. D. Alabama.   September 21, 1888.)*

ADMIRALTY—PROCEEDINGS IN PERSONAM—ATTACHMENT—WHEN LIES.
    Rule 2 of the admiralty rules of practice, providing that the mesne process in a suit *in personam* may be a warrant of arrest of the person of the defendant, and, if he cannot be found, for an attachment of his goods and chattels, does not authorize an attachment in Alabama, where imprisonment for debt has been abolished.

In Admiralty.   Libel *in personam*.

The libel was filed at Mobile, while the vessel was there, loading for Liverpool, and sets up a violation of charter in not sailing on a voyage from Pensacola to Rosario.   It alleges that the bark was the property of E. M. Conover and John Doe, whose name is to libelant unknown.   On showing made, the district judge made an order for issue of attachment of the vessel as such property.   On hearing at special term, of motion to dissolve the attachment, it appeared that E. M. Conover was the sole owner, was wife of the present master, and with him upon the vessel.

*Pillans, Torrey & Hanaw*, for owner.

*G. L. & H. T. Smith*, for attaching creditor.

TOULMIN, J.   After a careful consideration of the motion to quash the attachment in this case, and the arguments thereon, and an examination of the authorities bearing on the question that I have been able to find, including those submitted by counsel, I feel bound to hold that the order for the attachment of the vessel was improvidently made, and that the attachment was without authority of law, and should be vacated. The only authority for the attachment of the property of the defendant in a suit *in personam* is found in rule 2 of the rules of practice, which provides that the mesne process may be a warrant of arrest of the person of the defendant, and, if he cannot be found, for an attachment of his goods and chattels.   The attachment of the vessel is not authorized except where the defendant cannot be found, and then, where the warrant of arrest is authorized under the law of the state where issued, it should be in the alternative; that is to say, it should direct, first, the arrest of the person of the defendant, and, if he cannot be found, then the attachment of the property.   My opinion, therefore, is that the writ of attachment can be had only where a warrant of arrest of the person of the defendant is authorized.   Such attachment can only issue where such warrant can issue, and be executed only where the warrant of arrest cannot be executed because the defendant cannot be found.   As a warrant of arrest of the person of the defendant is unauthorized and illegal under the law of this state, so is a writ of attachment, which is dependent on such warrant of arrest.   In other words, as the right to the writ of attachment is dependent on the right to imprison for debt, and as by law imprisonment for debt is abolished in this state, it must follow that the writ of attachment in this case is without authority of law, and should be vacated; and it is so ordered.