BOLDEN v. JENSEN et al.

(District Court, D. Washington, N. D. August 27, 1895.)

IMPRISONMENT FOR DEBT — ACTION FOR UNLIQUIDATED DAMAGES — ADMIRALTY PROCESS.

The statute abolishing imprisonment "for debt" on process from the federal courts in states where imprisonment for debt has been abolished (Rev. St. § 990), and the amended forty-seventh admiralty rule, which abolishes imprisonment "for debt," under admiralty process, in like cases, are inapplicable to cases involving demands for unliquidated damages, and hence do not affect the power of the federal courts, sitting in admiralty, to issue a warrant of arrest as process for compelling defendants to respond to a claim for damages for personal injuries and cruelty inflicted on a seaman. Hanson v. Fowle, Fed. Cas. No. 6,042, followed. The Carolina, 14 Fed. 424, Chiesa v. Conover, 36 Fed. 334, and The Bremena, 38 Fed. 144, disapproved.

This was a libel in personam by Louis Bolden, a citizen of the United States, against A. Jensen and I. M. McLean, the master and

owner of the Chilean ship Atacama, to recover damages for personal injury and cruelty inflicted on the libelant while serving on board said vessel as a seaman.

Pursuant to admiralty rule 2, promulgated by the supreme court, a simple warrant of arrest was issued, and the defendants were taken into custody, and admitted to bail. Upon entering a special appearance by counsel, for the purpose of the motion only, the defendants moved the court to quash the warrant of arrest, and to discharge them and exonerate their sureties, for the reason that said writ was improvidently issued, and the same is contrary to law and the admiralty rules. The court refused to entertain said motion unless the defendant would first enter a general appearance, which was done, and thereupon, after argument, said motion was submitted to the court for its decision thereon.

A. R. Coleman, for libelant.
W. F. Rupert and Thomas Fitzgerald, for defendants.

HANFORD, District Judge. The argument for the defendants upon this motion is founded upon section 990, Rev. St., which provides that "no person shall be imprisoned for debt in any state, on process issuing from a court of the United States, where by the laws of such state, imprisonment for debt has been or shall be abolished," and the amended forty-seventh admiralty rule, which provides: " * * * And imprisonment for debt, on process issuing out of the admiralty court, is abolished in all cases where, by the laws of the state in which the court is held, imprisonment for debt has been or shall be hereafter abolished, upon similar or analogous process issuing from a state court,"—and the seventeenth section of article 1 of the constitution of this state, which declares that "there shall be no imprisonment for debt, except in cases of absconding debtors."

The statute and the rule refer only to imprisonment for debt, and do not affect the power of the court to issue a warrant of arrest as process for compelling defendants to respond to a claim for unliquidated damages, which is not a debt, any more than it restricts the power of the court to imprison defendants for nonpayment of fines or by way of punishment for contempt. The word "debt," when used in a statute, without some plain or explicit declaration making it applicable thereto, does not include taxes nor claims for unliquidated damages. The legal definition of the word is opposed to unliquidated damages, or a liability in the sense of an inchoate or contingent debt, or an obligation not enforceable by ordinary process. Rap. & L. Law Dict.; Cooley, Tax'n, p. 13; Lane Co. v. Oregon, 7 Wall. 71–81. In the case of The Kentucky, Fed Cas. No. 7,717, Mr. Justice Nelson, in discussing the admiralty rule above quoted, says that the rule was drawn with great care, and for the express purpose of conforming the practice in suits sounding in contract, in the district court, in admiralty, as to the arrest and imprisonment of the person of the defendant, to that of the state for like or analogous cases; and he interprets the rule thus:

"That is, if a defendant in the state court is exempt from personal arrest and imprisonment on all process, whether mesne or final, in cases sounding in contract, then the defendant in admiralty will, in all such cases, be in like manner exempt."

This exposition of the rule by one of its authors may well be regarded as authoritative and controlling. Counsel for the defendants have cited The Carolina, 14 Fed. 424, Chiesa v. Conover, 36 Fed. 334, The Bremena, 38 Fed. 144, in which courts entitled to very high respect have sustained his position on this motion, but apparently without giving consideration to the proper definition of the word "debt" as used in the statute and the admiralty rules under consideration. Notwithstanding these authorities, my judgment is not in accord with the defendants' contention. On the contrary, I prefer to follow the decision made, in this circuit, by Judge Deady, in the case of Hanson v. Fowle, Fed. Cas. No. 6,042, in which the subject is learnedly and exhaustively treated. The motion is denied.