CHARLES W. BROWN, and another,

*vs.*

ABILENE T. STARBIRD, and another.

Piscataquis.     Opinion December 15, 1903.

*Assumpsit.     Account Annexed.     Pleading, Amendment,* No promise by defendant.

1. In an action of assumpsit upon an account annexed, the items were so phrased as to show that they represented various elements of damages resulting from an alleged breach of contract, or contracts. The plaintiff offered an amendment, which was allowed, by adding a new count in which it was alleged that the plaintiffs "entered into a written contract with the defendants" which contract was there set out in full. Breaches were alleged and damages claimed. No promise on the part of the defendants was directly and positively asserted. *Held;* that the amendment was itself faulty and demurrable, and that it should not have been allowed.

2. In such a case, an amendment may properly be allowed in the form of a count upon the special contract, alleging breaches and claiming damages therefor. But such new count must be limited in its terms so as to include only such breaches as were embraced in the items in the account annexed. In this case the amendment was not so limited,

Exceptions by defendants. Sustained.

The case is stated in the opinion.

*J. S. Williams* and *W. E. Parsons,* for plaintiffs.

*J. B. Peaks* and *C. W. Hayes,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J. The plaintiffs brought an action of assumpsit upon an account annexed. The most of the items in the account are so phrased as to show that they represent various elements of damages resulting from an alleged breach of a contract, or contracts. The declaration was faulty, for it is a settled law that damages for the breach of performance of a contract are not recoverable under such a count.

Accordingly the plaintiffs prayed to amend by adding a new count, which, against the defendant's objection, was allowed, and an exception to the allowance was taken. The new count alleged that the plaintiffs on a day named "entered into a written contract with the defendants, a copy of which is hereto annexed, to which the said plaintiffs were ready and willing at all times to fulfill in each and every part thereof, by them to be performed, but the said defendants notwithstanding their agreement and contract so entered into, did not perform and fulfill the conditions of their said contract, and to perform the labor therein required and agreed upon by them to be performed, but broke the same, and by reason of said breach and failure of the said defendants to perform said contract, said plaintiffs were put to great trouble and expense at hauling spool bars named in said contract, and by doing other labor and obligations in said contract by said defendants to be performed &c." Then follows the written contract.

The defendants contend that this new count was improperly allowed, because it is itself faulty and demurrable, first, in that it does not allege any promise made by the defendants to the plaintiffs. In support of this position the defendants rely upon *Bean* v. *Ayers,* 67 Maine, 482. In that case the only allegation of a promise on the

part of the defendant was in these words, "and thereupon the said defendants executed under their hands and delivered to the plaintiff an agreement in words and figures as follows." Then followed the writing ipsissimis verbis. The court held the declaration bad, saying: "The weakness in the declaration is that, although an action of assumpsit, no promise is directly and positively asserted therein, but it is stated argumentatively, and only inferentially, if at all. The plaintiff declares that the defendants executed under their hands and delivered to him an agreement. He does not say that they made any promises in accordance with such agreement. . . . . The contract itself should have been averred, and not merely the written evidence of the contract."

The language in the declaration in this case is however somewhat different. It is that "the plaintiffs entered into a written contract with the defendants," a copy of which is referred to. But even if this were a sufficient allegation that the plaintiffs promised, it is only, at the most, inferentially averred that the defendants promised. The want of a direct averment that they promised cannot be supplied by the terms of the contract itself. *Bean* v. *Ayers*, supra. The point is well taken.

There is at least one other fault in the new declaration which should be noticed. The original account annexed as already stated, set forth items of damages for a breach of a contract. It would undoubtedly have been proper to allow an amendment in the form of a count upon the special contract, and alleging breaches, and claiming damages therefor. Such a count if so limited in its terms as to include only such breaches as were embraced in the items in the account annexed would not introduce a new cause of action. But this new count is not limited. Under it, claims of damages may be set up for breaches which are in no way referred to in the account annexed. It enlarges the alleged cause of action, and thereby to that extent sets up a new and larger cause of action.

*Exceptions sustained.*