*E. C. Peters* and *F. Schnack* for P. M. McMahon.

---

## J. G. HENRIQUES *v.* CHRISTINA VINHACA, BANK OF HAWAII, LIMITED, GARNISHEE.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

ARGUED NOVEMBER 20, 1911.        DECIDED DECEMBER 6, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

GARNISHMENT—*creditor—debtor—claim, unliquidated.*

> Sec. 2114, R. L., limits the remedy of garnishment to actions brought by a creditor against his debtor. The relation of creditor and debtor necessarily implies the existence of a debt. A claim for unliquidated damages for breach of a contract to sell a lease is not a debt within the meaning of the statute, and garnishment can not be resorted to by the claimant.

CONTRACTS—*mutuality—consideration—option—offer and acceptance.*

> Though the instrument sued upon in this case for the assignment of a lease, within a stated time, for a specified price, signed and delivered by one party to another, but wanting in mutuality, may not be susceptible of enforcement as a contract, or serving as a basis for damages for a breach thereof, and if without con-

sideration is inoperative as an option, still, it is an offer to as-
sign the lease, and if accepted and the price tendered before it
is retracted, and within the time stated, such offer and accept-
ance constitute a valid contract.

PLEADING—*as to defendant—as to garnishee.*

A plaintiff may state a good cause of action against a defend-
ant and fail to show facts sufficient to hold a garnishee, in which
event the defendant would be put upon his defense and the gar-
nishee would be discharged.

OPINION OF THE COURT BY DE BOLT, J.

The plaintiff filed his declaration in the circuit court of the
third circuit seeking to recover from the defendant the sum of
one thousand dollars unliquidated damages for the breach of
an alleged contract of which the following is a copy: "I re-
ceived from J. G. Henriques the amount of $10.00 in account
of the $550.00, for the balance of the least of 7-½ acres of
land that my husband leasted from J. G. Henriques. Also
all the improvements that is on the land. This is with the
condition if the bargain that J. G. Henriques made with No-
mura be settle. That is if Nomura take back his place again.
Then the bargain that I made with J. G. Henriques be good.
But if Nomura won't take back his place then I Mrs. Vinhaca
have to return to J. G. Henriques the $10.00. This option is
good only for one month. Mrs. Christiana Vinhaca, her X
mark."

To the plaintiff's declaration the defendant interposed a
demurrer which the court sustained. The garnishee did not
appear. The plaintiff brings the case here on exceptions.

The allegations of the declaration, so far as they are essen-
tial to a correct understanding of the questions involved, are,
in substance, as follows: That in or about the year 1896 the
plaintiff executed to one John Vinhaca, the husband of the
defendant, since deceased, the lease in question, which is still
in full force and effect; that in or about the year 1909, John
Vinhaca died, and that ever since his death the defendant has

assumed to own and deal with, and has in fact dealt with the lease and the land thereby demised, in all respects as though she was the owner of the lease, and the lessee in succession to her husband; that on October 24, 1910, the defendant signed and delivered the written instrument above set out to the plaintiff; that prior to the execution of the instrument mentioned, the plaintiff had entered into a contract with one Nomura, whereby the plaintiff might purchase and receive from Nomura an assignment of a certain lease held by him for certain land; that because of the advantages offered to the plaintiff in and by the instrument of October 24, 1910, the plaintiff, after the execution of the same, and prior to November 22, 1910, withdrew from and abandoned his contract with Nomura, and that by reason of so having abandoned the Nomura contract it became and was obligatory upon the defendant within one month from and after the execution of the instrument of October 24, 1910, and upon tender to her by the plaintiff of the sum of $540, and upon request from the plaintiff, to execute and deliver to the plaintiff an assignment of the lease in question; that on November 22, 1910, the plaintiff tendered to the defendant the sum of $540 and demanded that she execute and deliver to him the assignment of the lease mentioned, but that she declined said tender and refused to accept the same or any part thereof and refused and has ever since refused and still refuses to execute such assignment to the damage of the plaintiff in the sum of $1000.

The declaration further alleges that the Bank of Hawaii, Ltd., the garnishee, is the attorney, factor or agent of the defendant and has in its hands certain of the goods, moneys and property of the defendant so concealed that the same cannot be levied upon by writ of attachment or execution against the defendant and that the garnishee is indebted to the defendant in a sum not certainly known to the plaintiff but believed by him to be the sum of $800.

The plaintiff prays judgment for the sum of $1000 and re-

quests that there be inserted in the process to be issued the usual statutory direction to the officer serving the same to leave a true and attested copy thereof with the garnishee.

The grounds of demurrer are, that the alleged contract is unenforceable, (1) because the defendant was, within the knowledge of the plaintiff, without authority to make the same; (2) because of uncertainty and ambiguity; (3) because of the want of mutuality; (4) because of the want of consideration; (5) because of the failure of the plaintiff to perform all conditions precedent on his part; (6) because the property of the defendant in the hands of the garnishee is not subject to garnishment by the plaintiff in this action.

The decision of the court below, upon its face, purports to have sustained the demurrer on the sixth ground therein mentioned, namely, that the property of the defendant in the hands of the garnishee was not subject to garnishment by the plaintiff in this action, assigning as a reason for the ruling the fact that the amount sought to be recovered by the plaintiff was unliquidated. The plaintiff was granted leave to amend his declaration by striking therefrom all matter pertaining to the garnishment, but he declined to so amend, whereupon the court rendered its decision dismissing the entire cause of action and directed judgment to be entered for the defendant for costs, to which decision the plaintiff duly excepted.

The defendant now, in this court, urges other grounds of the demurrer, as well as the one upon which the court below apparently based its decision. The plaintiff opposes this position of the defendant and contends that the court below, by strong implication, if not expressly, overruled the first five grounds of demurrer, and that the defendant has no right to a review of the court's decision upon any of those grounds, they not being before us, as he claims, on the exceptions taken. The defendant contends, however, that under the authority of *Colburn* v. *Holt*, 19 Haw. 65, the plaintiff's exceptions must be overruled if any of the grounds of the demurrer are good,

whether considered by the court below or not. The rule laid down in the case cited, the correctness of which we do not question, has no application in this case so far as regards the sixth ground of demurrer, which ground, in the view we take of the case, in no way involves the merits of the declaration as to the plaintiff's claim against the defendant. If the declaration states a good cause of action against the defendant, and for the purpose of considering the sixth ground of demurrer it must be assumed that it does so state a good cause of action, then it follows, necessarily, that the only question raised by the sixth ground of demurrer was the sufficiency of the declaration as to the garnishment. If this ground of demurrer was well taken, and we think it was, it required and could only justify the court in sustaining the demurrer as to the garnishment. The court had no right or power upon this phase of the case to rule upon the sufficiency of the declaration as regards the plaintiff's claim against the defendant. It is clear that a plaintiff may state a good cause of action against a defendant and fail to show facts sufficient to hold a garnishee, in which event the defendant would be put upon his defense and the garnishee would be discharged.

We cannot agree with the contention of the defendant that she has the right to have the action dismissed as to her also, because the garnishment was improperly made a part of the plaintiff's action. This view does not accord with reason. The authorities are against it. Drake on Attachment, §§411, 459a; 20 Cyc. 1101.

Whether the question as to the sufficiency of the garnishment may be raised by demurrer or should have been raised by a motion to discharge the garnishee, we need not say in this case, as counsel have not raised that question.

With regard to the remedy of garnishment, section 2114, R. L., so far as material in the consideration of this question, provides: "Whenever the goods or effects of a debtor are concealed in the hands of his attorney, agent, factor or trustee, so

that they cannot be found to be attached or levied upon, or when debts are due from any person to a debtor, any creditor may bring his action against such debtor, and in his petition for process may request the court to insert therein a direction to the officer serving the same, to leave a true and attested copy with such attorney, agent, factor or trustee, or at the place of his or their usual place of abode, and to summon such attorney, agent, factor or trustee to appear personally upon the day or term mentioned and appointed in said process for hearing said cause, and then and there on oath to disclose whether he has, or at the time said copy was served, had any of the goods or effects of the defendant in his hands * * *."

The statute, as will be observed, limits the remedy of garnishment to actions brought by a "creditor" against his "debtor." The relation of creditor and debtor necessarily implies the existence of a debt. "In the strict sense of the word, a debt exists when a certain sum of money is owing from one person (the debtor) to another (the creditor). Hence, debt is properly opposed (1) to unliquidated damages; (2) to liability, when used in the sense of an inchoate or contingent debt; and (3) to certain obligations not enforceable by ordinary process. Debt denotes not only the obligation of the debtor to pay, but also the right of the creditor to receive and enforce payment." *Davenport* v. *Kleinschmidt,* 6 Mont. 502, 536. The question thus presented is, whether the plaintiff's action against the defendant for the sum of $1000, unliquidated damages, for breach of contract, is a debt?

The term "debt," as shown by an examination of the numerous authorities, has been differently defined, owing to the subject-matter of the statutes in which it has been used. 13 Cyc. 393, et seq.; 5 Ency. Pl. & Pr. 896.

Blackstone says, "The legal acceptation of debt is a sum of money due by certain and express agreement; as, by a bond for a determinate sum; a bill or note; a special bargain; or a rent reserved on a lease; where the quantity is fixed and specified,

and does not depend upon any subsequent valuation to settle it." 3 Bla. Com. 154.

Ordinarily, a "debt" implies a sum of money owing upon a contract, express or implied. *Meriwether* v. *Garrett*, 102 U. S. 472, 513. In its more general sense it is defined to be that which is due from one person to another, whether money, goods, or services, and which one person is bound to pay to or perform for another. In ordinary parlance it means any claim for money, and a debt is properly said to be due, in the sense of owing, when it has been contracted and the liability of the debtor fixed.

In *Gray* v. *Bennett*, 3 Met. 522, 526, the court said: "The word 'debt' is of large import, including not only debts of record, or judgments, and debts by specialty, but also obligations arising under simple contract, to a very wide extent; and in its popular sense includes all that is due to a man under any form of obligation or promise."

In *Kellogg* v. *Schuyler*, 2 Denio 73, 74, the court said: "A cause of action in trespass is not a debt within the contemplation of the bankrupt act, and is not affected by a bankrupt discharge. The fact that a verdict had been rendered does not alter the case. Until judgment rendered there is no debt which is reached by the discharge."

In *Zimmer* v. *Schleehauf*, 115 Mass. 52, it was held that a claim for damages for slander and malicious prosecution was not a "debt" or "liability contracted" by the bankrupt, and was therefore not affected by a discharge of the bankrupt. The claim for damages was in suit when the proceeding in bankruptcy was commenced, and there had been a verdict for the plaintiff on which a judgment was given thereafter, but before the discharge. In delivering the opinion of the court Chief Justice Gray said: "A claim for damages in an action of tort does not become a debt by verdict before judgment."

In *Bolden* v. *Jensen*, 69 Fed. 745, the court said: "The word 'debt,' when used in a statute, without some plain or explicit declaration making it applicable thereto, does not include

taxes nor claims for unliquidated damages. The legal definition of the word is opposed to unliquidated damages, or a liability in the sense of an inchoate or contingent debt."

In *City Council* v. *Dawson Waterworks Co.*, 32 S. E. 907, 912, the court said: "The word 'debt' is defined in various ways. According to the Standard Dictionary, it is 'that which one owes to another; any money, goods, or services that one is bound to pay to another; a pecuniary due.' 'A thing owed; obligation; liability.' Webst. Dict. 'A liquidated demand; a sum of money due by certain and express agreement.' And. Law. Dict.; 3 Bl. Comm. 154. 'All that is due a man under any form of obligation or promise.' Bouvier. From the foregoing definitions it is apparent that the word, when taken in a broad and comprehensive sense, includes any obligation to pay money, or other thing of value, that one is under to another, and arises the very moment that the obligation is undertaken, and continues until discharged by payment. Therefore, in this broad and comprehensive sense, if any time elapses between the performance of the service on the one hand, and the payment of the money or thing of value which the contract for that service calls for on the other, the relation of the parties to each other will be that of debtor and creditor, and the thing which is owed by one to the other will be a debt." See also *In re Adams*, 12 Daly 454; *Zinn* v. *Ritterman*, 2 Abb. Pr. N. S. 261.

Viewed in the light of the authorities cited it is obvious that the claim sued upon does not possess the requisite certainty, nor has it any of the essential elements of a debt. The claim itself does not furnish any standard or means of arriving at the liability, if any, of the defendant. It is purely speculative, uncertain and contingent. There is no way, other than the verdict of a jury, or other appropriate judicial procedure, whereby the amount of the defendant's liability, if any, can be determined. No person can calculate the amount for which a jury might return a verdict. Not until merged into a judgment can it be considered a debt. The claim is unliquidated and it

furnishes no standard or means whereby it can be liquidated and made certain in amount.

The claim not being a debt it follows, therefore, that the legal duty, if any, to respond in damages for the alleged breach of the instrument sued upon in this action, does not create the relation of creditor and debtor between the plaintiff and the defendant, within the meaning of the statute, and that the plaintiff is not entitled to garnishment.

Inasmuch as the court below, not only discharged the garnishee, but also sustained the demurrer as to the plaintiff's claim against the defendant and directed judgment to be entered for the latter, and also in view of the fact that counsel in their briefs have argued other grounds of the demurrer, we deem it proper to consider the questions thus presented. The grounds of demurrer chiefly relied upon by the defendant are, that the alleged contract is wanting in mutuality and is without consideration, the contention being that the instrument, upon both grounds, is null and void. The instrument upon its face is not capable of enforcement by either party. It lacks mutuality and is without consideration. The language used is that of the defendant and she alone signed the instrument. Supporting the defendant's contention upon this phase of the case, the following authorities may be cited: *Johnson* v. *Robinson Mining Co.,* 5 L. R. A. 769; *Brown* v. *Starbird,* 56 Atl. 902; *Tucker* v. *Woods,* 12 Johnson 190; *Litz* v. *Goosling,* 21 L. R. A. 127; *Chicago & Great Eastern Railway* v. *Dane,* 43 N. Y. 240; *Richardson* v. *Hardwick,* 106 U. S. 252; *Vogel* v. *Pekoc,* 42 N. E. 386.

It will be observed, however, that the plaintiff in his declaration alleges that on November 22, 1910, within one month from the date of the execution of the instrument in question, he tendered to the defendant the sum of $540 and demanded that she execute and deliver to him the assignment of the lease mentioned, but that she refused to do so. Though the instrument in question, for want of mutuality, may not be susceptible

of enforcement as a contract, or serving as a basis for damages for a breach thereof, and if without consideration is inoperative as an option, still, it was an offer by the defendant to the plaintiff to sell and assign to him the lease for a specified price at any time within one month, and the offer having been accepted by the plaintiff before any attempt was made to retract it, and within the time stated, the acceptance being evidenced by, and accompanied with, the tender of the price and demand for the assignment of the lease, constituted a valid agreement. It is only stating an elementary proposition to say, that upon the acceptance of the offer, every element of a contract was then present,—parties, subject-matter, consideration, meeting of the minds, and mutuality. While it is true that the offer could have been withdrawn at any time before its acceptance, yet upon its acceptance as stated the minds of the parties met, and the contract was then complete and capable of enforcement. *Ide* v. *Leiser,* 10 Mont. 5, 10, 13; *The Boston & Maine R. R.* v. *Bartlett,* 3 Cush. 224; *Wilcox* v. *Cline,* 70 Mich. 517; *Houghwout* v. *Boisaubin,* 18 N. J. E. 318; *Cutting* v. *Dana,* 25 N. J. E. 265; *Perkins* v. *Hadsell,* 50 Ill. 216; *Sayward* v. *Houghton,* 119 Cal. 545; *House* v. *Jackson,* 24 Org. 89; 7 Am. & Eng. Ency. Law (2d ed.) 125, 138; 21 Am. & Eng. Ency. Law (2d ed.) 924 et seq.; Bishop on Contracts, §§77, 78; Clark on Contracts, p. 21 et seq.; Pomeroy on Contracts, §§59, 66.

We find no merit in any of the grounds of demurrer except in the sixth ground.

The exceptions so far as the plaintiff's claim against the defendant is involved are sustained, but as to the garnishment they are overruled.

*C. W. Ashford* for plaintiff submits the case on a brief.

*J. P. Hewitt, Jr.,* (*Carl S. Smith* and *S. S. Rolph* with him on the brief) for defendant.