## THE BIFROST.

(District Court, E. D. Louisiana. October 20, 1925.)

No. 18058.

**International law ☞10—Libel by subjects of one foreign government against vessel of another held not such as United States courts would assume jurisdiction of.**

Libel by seamen, subjects of one foreign government, against vessel of another foreign government, to recover damages for alleged breach of shipping articles happening without territorial jurisdiction of the United States, *held* not such as courts of United States would take jurisdiction of, though articles were signed within the United States.

In Admiralty. Libel by Eric Sander and others against the steamship Bifrost. Libel dismissed.

W. J. & H. W. Waguespack, of New Orleans, La., for libelants.

Terriberry, Rice & Young, of New Orleans, La., for respondent.

BURNS, District Judge. Libelants, Eric Sander, Erik Jensen, Charles Myhr, and Jorgen Anson, allege an action for damages for breach of contract in shipping articles against the Swedish steamship Bifrost by the unlawful arrest and jailing of the last-named two seamen on shore at Georgetown, British Guinea, and of the first-named two at McKenzie, about 70 miles away from Georgetown, at the instance of the master of that vessel. A protest was filed by the royal Swedish vice consul, upon the ground that the controversy is between foreign owners and officers of the vessel and certain members of its crew, none of whom are citizens of the United States, concerning matters happening outside of the territorial jurisdiction of the United States, which he, as vice consul, pursuant to authority vested in him by the kingdom of Sweden, must investigate and adjust, and that such an investigation is now going forward.

The claimant, master of the vessel, as bailee for the owner, excepts and objects to the exercise of jurisdiction by this court. Since the exercise of jurisdiction in such a case is discretionary with the District Courts, and restricted to certain exceptional cases, it must be dismissed, unless it is shown to come within the excepted class.

Certain testimony of the several libelants taken prior to this hearing on the exception was referred to by the proctors on both sides in their argument, and clearly establishes that the case is one by subjects of a foreign government invoking the jurisdiction of a court of the United States against a vessel of another foreign government. The testimony referred to also strongly indicates that these alien libelants have no intention of returning to the country of their allegiance, but that, on the contrary, they intend remaining in this country, which of itself strongly suggests that they may be here unlawfully, and in violation of the immigration laws of this country. There is also a strong suggestion that the case arises out of a tort, rather than from contract, as insisted upon in the libel; but this need not be decided here.

In the case of The Carolina, 14 F. 424 (1876), the late Judge Billings, of this district, citing authorities, held that it was beyond question "that the courts of a nation are established and maintained for the convenience of its own citizens or subjects, and if foreigners are permitted to become actors therein, it is because of what is termed comity between nations. American Law Review, vol. 7, p. 417, and Daniel Webster's Works (Everett's Edition) vol. 6, pp. 117, 118. The only ground upon which a foreigner could urge a claim to become a libelant in our courts would be that it was by comity due his government that its subjects should be thus heard, and, so far as this claim could be considered as a right, it could be insisted on only by that government, and, except in cases of inhumanity or gross injustice, would disappear whenever the claimant's government took a position against it."

Just as in The Carolina Case, there is in this case no circumstance such as might possibly constitute a proper ground for the interposition of a foreign court without the request of the representatives of libelant's government, and this is also a suit brought by foreigners, springing out of a voyage on the ship of a friendly nation in the midst of that voyage in a foreign place, against the subjects of that nation, on account of alleged

grievances; and the libelants here, as there, not only propose to disconnect themselves from the ship, but ask the detention of the ship, officers, and crew in a foreign port, in order to settle a dispute which can far better be settled by the tribunals of the country to which they belong, and this notwithstanding the fact that they insist here that, since the shipping articles for the voyage were signed in New Orleans, the law of this forum should govern. It is in this point only that. the facts and conditions surrounding this case differ from that of The Carolina; but this difference to my mind is not sufficient to justify this court in assuming jurisdiction. There appears in this case no special circumstances such as would work a hardship or'injustice on libelants, and thereby justify this court in assuming jurisdiction detaining the vessel and proceedng with the case over the protest of the foreign sovereignty to which the parties on both sides belong.

Let the libel be dismissed.