## THE SNELAND I.

District Court, E. D. Louisiana.  May 12, 1927.

No. 18595.

Admiralty ⊜�map5—Under special circumstances, United States court of admiralty may take jurisdiction of suit by foreign seaman against ship of his nationality.

A suit by a foreign seaman against a ship of his own nationality, growing out of an alleged discharge and failure to pay wages and to furnish to libelant proper medical care, all of which occurred in an American port where the witnesses reside, may be entertained by a United States court of admiralty.

In Admiralty. Suit by Torsten Aasheim against the Norwegian steamship Sneland I. On exceptions to libel and plea to jurisdiction. Exceptions overruled conditionally. Plea to jurisdiction dismissed.

W. J. & H. W. Waguespack, of New Orleans, La., for libelant.

Walter Carroll, and Terriberry, Young, Rault & Carroll, all of New Orleans, La., for respondent.

BURNS, District Judge. Libelant, Torsten Aasheim, alleges an action for wages against the Norwegian steamship Sneland I. He claims the benefit of shipping articles signed in Norway, under Norwegian law, and double wages under the laws of the United States. He alleges that he was hired in Norway, but joined the ship March 16, 1926, at Philadelphia, Pa., while she was in port there, destined for South American voyages; that he became sick, suffering from an hernia; that, while in port at Gulfport, Miss., a call port on the voyage, the master had him examined by a doctor who said he had such hernia; that, at New Orleans, where he was then sent, another doctor, selected by the master, reported that he was not suffering from hernia; that thereafter he consulted doctors of his own selection, and one of them operated on him. By supplemental libel he alleges that the hernia was incurred and arose during the voyage. He admits receiving considerable sums of money while in port here up to June 20, 1926, when he left the ship, but claims two additional months under the laws of Norway, and nine months more under the laws of the United States for the subsequent period of time consumed by the ship's voyage.

The claimant master, as bailee for the owner, excepts and objects to the exercise of jurisdiction by this court. A protest is also filed by the Norwegian consul at New Orleans, upon the ground that the controversy is between foreign owners and officers of the vessel, and an officer of the vessel who is not a citizen of the United States, but a subject of the kingdom of Norway, concerning a contract of shipping articles made in Norway, over which the Norwegian consul is given authority to decide disputes under the contract and the laws of Norway, and which is justiciable in the courts of that Kingdom.

The case is very similar to that of The Bifrost, No. 18,058 of the docket (D. C.) 8 F.(2d) 361, decided October 20, 1925. It differs, however, in that the cause of action here alleged did not arise out of circumstances occurring at sea or at a foreign port.

The allegations of the libel and supplemental libel, together with the exhibits attached thereto, incline me to the opinion that, since the alleged discharge and failure of payment of wages due occurred at this port, and since the alleged failure of the master to give the seaman necessary medical attention necessitated the subsequent surgical operation at this port, where all the witnesses reside, the case should be considered as coming within the exception to the rule that jurisdiction will not ordinarily be exercised of such cases between foreign seamen and foreign owners, under foreign shipping articles, because a hardship might otherwise be unjustly imposed on the seaman.

The cause of action is set out in the bill rather confusedly. The libel should be amended so as to show definitely whether the libelant relies upon the specific terms of his contract, or upon the specific payment of wages, with penalties for an unlawful discharge, prescribed by the laws of the United States. The libel should also be further amended to show definitely whether or not he claims damages for personal injuries sustained in course of his employment. Ten days will be allowed libelant to enable him to make such amendments, in default of which claimant may move by rule for dismissal.

The plea to the jurisdiction of this court will be dismissed.