**FRANK F. FASI SUPPLY COMPANY,**
a Hawaiian Limited Partnership,
Plaintiff,

v.

The **WIGWAM INVESTMENT COMPANY**, a Washington corporation,
et al., Defendants,
and
American Security Bank et al.,
Garnishees.

Civ. No. 3062.

United States District Court
D. Hawaii.

Nov. 3, 1969.

A. William Barlow, W. Patrick O'Connor, Honolulu, Hawaii, for plaintiff.

Edward Y. C. Chun, Fong, Miho, Choy & Robinson, Honolulu, Hawaii, for defendants.

## DECISION ON MOTION TO VACATE GARNISHEE SUMMONS AND TO DISCHARGE GARNISHEES AND ORDER DISCHARGING GARNISHEES

TAVARES, District Judge.

In this case, plaintiff, a limited partnership, filed its Complaint herein on October 7, 1969, alleging therein that plaintiff had executed and entered into a written 10-year lease with defendant, a Washington corporation, which lease was dated July 30, 1957. By the terms of the lease, the plaintiff was to construct a new building on the leased premises for the use and occupancy of the defendant and defendant undertook to surrender and deliver possession of the premises together with all improvements on or before April 30, 1968. The lease contained usual provisions regarding rent; commitment of waste; lawful use; compliance with state and local regulations, ordinances and laws; keeping the premises, fixtures, equipment, and improvements in repair; insurance, etc. The complaint then sets out plaintiff's claim for specific violations of definite terms of the lease and then itemizes the damage which plaintiff claims to have suffered, including a loss of rental income incident to the non-rentable condition of the property, all totaling a claim for the sum of $500,416.00. The individual defendants are alleged to be citizens of the State of Washington who personally guaranteed performance of the terms and conditions of the issue by the defendant corporation.

Named in the complaint as Garnishees are seven banks doing business in Honolulu.

On October 10, 1969, the defendants filed their Motion to Vacate Garnishee Summons and to Discharge Garnishees together with an Ex Parte application for advancement of date of hearing in accordance with Rule 6(d) and Rule 65(b) of the Federal Rules of Civil Procedure. The Court ordered the matter set for hearing on October 14, 1969. Defendants filed a Memorandum of Authorities in Support of their Motion on October 10, 1969, and plaintiff filed a Memorandum in Opposition, in open court on October 14, 1969. Both parties presented argument and the Court thereupon granted both parties additional time to submit such further authorities as each might desire. The following day, October 15, 1969, defendants filed a Supplemental Memorandum to which the plaintiff responded with a Supplemental Memorandum on October 20, 1969. The matter was thereupon duly submitted to the Court for its decision.

In brief, the defendants object to the garnishment on the grounds that (1) the laws of Hawaii do not permit garnishment procedures in respect to a claim arising from breach of contract, and (2) that Section 652–1 of the Hawaii Revised Statutes violates the due process requirements of the Fourteenth Amendment to the Constitution of the United States to the extent that it permits garnishment before judgment.

The remedies of attachment and garnishment were generally considered not to exist at common law. Although they are of great antiquity they are now regarded as being in derogation of the common law and to exist only by

virtue of statute and as special summary or extraordinary proceedings or provisional remedies.[1] Attachment is a remedy whereby the property of the debtor may be seized prior to any adjudication of the rights of the plaintiff and in advance of trial and judgment. Garnishment is quite similar but generally pertains to the satisfaction of an indebtedness out of property or credits of the debtor in the possession of, or owing by, a third person.[2]

Garnishment is frequently referred to as a species or mode of attachment and has often been defined as an attachment by means of which money or property of a debtor in the hands of third parties may be made subject to payment of the creditor's claim.[3] There are a number of nice technical distinctions between attachment and garnishment, but for the considerations which follow, the simple distinction and similarities which have been noted above will suffice.

Rule 64 of the Rules of Civil Procedure provides:

"At the commencement of and during the course of an action, all remedies providing for seizure of * * * property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held * * *. The remedies thus available include * * * attachment, garnishment, * * * and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action [4] or must be obtained by an independent action."

Under some attachment or garnishment statutes the remedy is available only in actions for the recovery of money or of property having a certain money value. A claim, to be certain and payable in money, or in property with a value certain in money, must be unconditional. Under other attachment or garnishment statutes, the remedy lies only for the recovery of liquidated damages. However, in some jurisdictions the remedies are available in actions for unliquidated damages, where a jury can ascertain and award damages, or determine the money value of a claim payable in property. An action of debt within the meaning of attachment or garnishment statutes which limit the remedy to such actions is generally held not to lie unless the suit is either for a fixed and definite sum of money, or for a sum of money which can be ascertained from fixed data by computation or is capable of being readily reduced to a certainty.[5]

In some states garnishment will lie upon ex delicto actions, some going so far as to permit the remedy in aid of unliquidated damage claims arising out of personal actions. It has been stated that the present tendency is to broaden attachment statutes to permit attachments in all actions.[6]

From the foregoing we may conclude that a tremendous variation in statutory enactments has come into being. The courts have apparently ranged far and wide in their interpretations. Some of the established principles are helpful but in the case before us we must look to the statutory provisions within the State of Hawaii and seek what help the Supreme Court of Hawaii has afforded.

At the outset we find Chapter 651, Hawaii Revised Statutes relating to Attachment and Execution. Within the framework Section 651-2 provides:

"Writ; issued when. The plaintiff, in any action upon a contract, express or implied, may, at the time of com-

---

1. 6 Am.Jur.2d p. 567.

2. 6 Am.Jur.2d p. 560.

3. 6 Am.Jur.2d p. 561.

4. See also 6 Am.Jur.2d p. 575.

5. 6 Am.Jur.2d p. 592: 7 C.J.S. Attachment §§ 8–12 pp. 196–200: 38 C.J.S. Garnishment §§ 5–10 pp. 212–215.

6. 6 Am.Jur.2d pp. 598–599.

mencing the action, or at any time afterward before judgment, have the property of the defendant * * *, which is not exempt from execution, attached in the manner hereinafter prescribed, as security for the satisfaction of such judgment as he may recover, * * *."

Section 651-3 provides further:

"Affidavit. The writ of attachment shall be issued by the clerk of the court in which the action is pending. Before any writ of attachment shall issue, the plaintiff, or someone in his behalf, shall make and file with the clerk an affidavit showing that the defendant is indebted to the plaintiff, specifying the amount of indebtedness over and above all credits and offsets, and that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant."

The chapter then continues, with other sections providing for the amount and conditions of an attachment bond, additional security, action on the bond, how the writ shall be issued, executed, etc.

Turning now to Chapter 652, Hawaii Revised Statutes, we come to the statutory provisions relating to Garnishment. Section 652-1 provides in part:

"Garnishee process; 'garnishment fund.'

(a) Before judgment.

When any goods or effects of a debtor are concealed in the hands of an attorney, agent, factor, or trustee * * * so that they cannot be found to be attached or levied upon, or when any debt is due from any person * * * to a debtor, or when any person has in his possession for safekeeping any moneys of the debtor, any creditor may bring his action against a debtor and in his petition for process, by subsequent ex parte motion and amendments of the complaint at any time before judgment, may request the court to insert in the process a direction to the officer serving the same to leave a true and attested copy thereof with the garnishee or at his usual place of abode and to summon the garnishee to appear personally upon the day or term appointed in the process for hearing the action or at any other time appointed by the court and then and there on oath to answer all of the following inquiries * * *."

The defendants by their motion contend that garnishment does not lie within the meaning of the Hawaii Statute. They contend that plaintiff in his action seeks unliquidated money damages arising from breaches of express contract, e. g. the written lease executed between the parties on July 30, 1957. They reason that the claim for money damages does not constitute a "debt * * * due from any person."

Looking to the express language in Section 652-1, supra, and that contained in the companion chapter on Attachment, Chapter 651, supra, we find Section 652-1, conditioned upon a "debt * * * due from any person." Section 651-2 is conditioned upon "any action upon a contract, express or implied," with Section 651-3 further requiring "an affidavit showing that defendant is indebted to the plaintiff, specifying the amount of indebtedness over and above all credits and offsets." The Court does not propose to go into a detailed analysis of the wide variety of existing statutes in this area, but does find from consultation of the encyclopedia references, mentioned at the outset, that Hawaii's legislature has not attempted to place Hawaii among those states which permit attachment and garnishment in actions ex-delicto, for unliquidated damages in general, or those which may be sought "in any action."

The first local definitive decision on this question to which the Court has been referred is Henriques v. Vinhaca, 20 Haw. 702 (1911). In that case the Court held that a claim for unliquidated damages for breach of a contract to sell a lease was not a debt within the meaning of the statute and that the remedy of garnishment was not available to the

claimant. The portion of the garnishment statute then under consideration by the court is quoted at pages 706–707 of the opinion and the relevant portions will be found substantially unchanged in Section 652–1, supra. The cases cited by the Court and the Court's holding leaves little doubt that the Court subscribed to the generally accepted concept 'of "debt" and expressly excluded generally claims for unliquidated sums as being without the ambit of "debt". The Court said at page.709:

"Viewed in the light of the authorities cited it is obvious that the claim sued upon does not possess the requisite certainty, nor has it any of the essential elements of a debt. The claim itself does not furnish any standard or means of arriving at the liability, if any, of the defendant. It is purely speculative, uncertain and contingent. There is no way, other than the verdict of a jury, or other appropriate judicial procedure, whereby the amount of the defendant's liability, if any, can be determined. No person can calculate the amount for which a jury might return a verdict. Not until merged into a judgment can it be considered a debt. The claim is unliquidated and it furnishes no standard or means whereby it can be made certain in amount.

"The claim not being a debt it follows, therefore, that the legal duty, if any, to respond in damages for the alleged breach of the instrument sued upon in this action, does not create the relation of creditor and debtor between the plaintiff and the defendant, within the meaning of the statute, and that the plaintiff is not entitled to garnishment."

Hawaii apparently had very little trouble living with this pronouncement on the law of garnishment under the *Henriques* decision from 1911 until 1963 when the matter again came before the Supreme Court of Hawaii in the case of Welsh v. Woods, 47 Haw. 252, 253, 386 P.2d 886 (1963). In that case, the amended complaint of plaintiff, an attorney, contained a first count based on quantum meruit for professional services rendered. He alleged that he had "rendered professional services to defendant of a reasonable value of $50,000 of which sum defendant has paid plaintiff the sum of $6,000, leaving a balance due and owing plaintiff the sum of $44,000 * * *." The defendant than moved to discharge the garnishees on the ground that the claim of plaintiff was unliquidated in its nature and, therefore, not the type of action that would support a garnishment. Plaintiff appealed from an order granting the motion to discharge garnishees. A majority of the court held that it was error to grant the motion to discharge the garnishees. In the Court's decision the material portion of the statute is quoted at page 254, 386 P.2d 886. The court then discusses the earlier holding in the Henriques v. Vinhaca case, supra, and at page 257, 386 P.2d at pages 888–889, states:

"The instant case which is a claim for an indebtedness by reason of plaintiff's performance of professional services *is distinguishable* from *Henriques v. Vinhaca* * * *. *Here*, it is the *implied promise to pay* the *reasonable value of the services rendered that gives rise to the creditor-debtor relationship* between attorney and client. Although there was no express agreement as to the exact compensation to be paid for the professional services rendered by the plaintiff, the *remedy of garnishment applies* by the terms of the statute *when there is this relationship of creditor and debtor* between the plaintiff and defendant, and the amount of defendant's liability, if any, can be determined by appropriate judicial procedure. * * * The fact that witnesses may differ as to the reasonable value of the services does not place the claim in a class that will not support garnishment. Evans v. Breneman, 46 S. W. 80 (Tex.Civ.App.), Cf., Phelps v. Colombia Phonograph Broadcasting

System, Inc. supra [255 Ill.App. 294]" (Emphasis added)

The *Phelps* case, supra, 255 Ill.App. 294, is cited and quoted from at page 255, 386 P.2d at page 888, of the opinion. The quoted portion of the Illinois statute provides:

" * * * That in any court of record having competent jurisdiction, a creditor may have an attachment against the property of his debtor, or that of any one or more of several debtors, when the indebtedness exceeds $20, * * * "

The Illinois case was an *action for legal services.* While the apparent differences in the statutory provisions are obvious, it will also be noted that the Illinois court was discussing an attachment statute the common variety of which requires, as does the Hawaii counterpart, *the posting of an attachment bond,* an omission which the Hawaii Court in the *Welsh* case appears to regard as immaterial.

The Court is mindful of the very able dissenting opinion of Wirtz, J. commencing on page 259, 386 P.2d 886, and since the majority opinion appears to treat alike all *claims for services* based on express or implied contract, as giving rise to liability to garnishment and makes no distinction between garnishment of wages and garnishment of other assets in the hands of third parties, and appears to regard as insignificant the lack of necessity for a bond to indemnify the defendant, as well as the lack of an effective requirement of notice to defendant before tying up his assets in advance even of service upon him, it seems reasonable to suggest that the result reached by the majority might well have been different, had the *Sniadach* case, infra, been decided before the *Welsh* case.

■ Be that as it may, taking into consideration the fact that the *Welsh* case does not even purport to overrule the *Henriques* case, but simply distinguishes it, this Court believes that the Hawaii statute still requires, as a pre-

quisite for invoking the drastic remedy of garnishment, especially against residents, a clear showing of the existence of a debtor-creditor relationship arising out of an express or implied contract to pay a monetary amount; that the monetary amount of the claim must either be clearly indicated by the pleadings and/or the described contract, or by the stated facts giving rise to the implied contract, or be ascertainable with reasonable certainty according to standards set forth in such contract or facts, or the pleadings, or both.

Plaintiff has presented a very plausible argument that the *Welsh* case extends the scope of garnishment to almost any action based on contract or a breach thereof, provided the plaintiff sets forth in terms of money the amount of damages he claims to have suffered from every item or particular of the contract allegedly breached. However, in this Court's view, the *Welsh* case goes no further than to state that a claim for a monetary amount for *services rendered* on an implied contract to pay the reasonable value thereof, even though there has been no agreement of the parties as to the exact amount of such reasonable value, creates the kind of debtor-creditor relationship which authorizes garnishment. It does not, except by doubtful inferences based on plaintiff's interpretation of a very few of the authorities cited and of some general but ambiguous dicta in the majority opinion, extend the remedy of garnishment to *every claim based on contract.* On the contrary, by citing with apparent approval and not overruling the *Henriques* case, the *Welsh* case reaffirms the rule of the *Henriques* case that a claim of damages for breach of a contract to assign a lease does not create such a debtor-creditor relationship as to authorize the application of the garnishment statute.

■ In the instant case, the action is not based upon any debtor-creditor relationship established by the record, but is one for damages arising from numerous alleged breaches of the covenants of a lease. It manifestly more closely resem-

bles the claim in the *Henriques* case than that in the *Welsh* case, and therefore is controlled by the former. This Court is unwilling to believe that the scope of the garnishment statute of Hawaii would by the Hawaii Supreme Court be broadened to the extent claimed by plaintiff, especially in view of the fact that, were a different result to be reached from that stated above, it is this Court's view that the matter presented would come perilously close to raising a very grave Constitutional question. See Sniadach v. Family Finance Corp. et al. (June 9, 1969), 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, holding invalid as lacking in due process, the Wisconsin garnishment law as to garnishment of wages before judgment. Since the Hawaii statute concerned is reasonably susceptible of the construction herein reached, even if it is also reasonably susceptible of the construction claimed by plaintiff, which this Court doubts, it is this Court's duty to adopt that construction which will avoid grave doubts as to the constitutionality of the statute. 16 Am.Jur.2d, Constitutional Law, Sec. 146, p. 350, Note 14.

In view of the foregoing it is hereby ordered that the garnishee process heretofore issued herein be quashed and that the garnishees thereunder be discharged.