Roland VAZQUEZ, Plaintiff,

v.

CENTER ART GALLERY, a corporation, William E. Mett, an Individual, Marvin L. Wiseman, an Individual, Defendants.

CENTER ART GALLERY et al., Counterclaimant,

v.

Roland VAZQUEZ, Counterdefendant.

Civ. No. 79–0303.

United States District Court, D. Hawaii.

March 12, 1980.

**1016**

Jeffrey S. Portnoy, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, Kelly W. Bixby, Los Angeles, Cal., for plaintiff.

David A. Ezra, Hoddick, Reinwald, O'Connor & Marrack, Honolulu, Hawaii, Frank C. Christl, Richard S. Berger, John A. Moe, II, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for defendants.

## DECISION ON MOTION FOR WRIT OF ATTACHMENT WITH REDUCED BOND

PENCE, District Judge.

Petitioner Roland Vazquez seeks a Writ of Attachment with Reduced Bond ordering the attachment of certain property owned by Center Art Gallery, a Hawaii corporation, William D. Mett, and Marvin L. Wiseman.

## I. FACTUAL BACKGROUND

On July 17, 1979, Roland Vazquez commenced an action against Center Art Gallery, William D. Mett, and Marvin L. Wiseman, arising out of Defendants' sale of numerous works of art to Plaintiff. Plaintiff's original and amended complaints basically state four causes of action.

First, Plaintiff alleges that Defendants violated various provisions of the Hawaii "Sale of Fine Prints" statute by failing to disclose statutorily required informational detail concerning certain of the art works sold to Plaintiff.[1] Plaintiff asks for damages in the sum of $1,362,945, or in the alternative, statutory treble damages in the sum of $4,088,835.

Second, Plaintiff claims that Defendants engaged in unfair and deceptive acts and practices in the operation of their business in contravention of Section 480–2 of the Hawaii Revised Statutes. Plaintiff asks for damages in an amount equal to the sum requested in the first cause of action.

Third, Plaintiff alleges that Defendants conspired to induce Plaintiff, by fraud and misrepresentation, to purchase the works of art. Plaintiff asks for a rescission of the sales contract, damages in the sum of $962,-945, and/or exemplary damages in the sum of $10,000,000.

Fourth, Plaintiff contends that in connection with the art sales, Defendant William Mett breached the fiduciary duty he owed to Plaintiff as a result of his position as advisor and attorney for Plaintiff. By reason of this alleged breach, Plaintiff claims actual damages in the sum of $962,945, and exemplary damages in the sum of $2,888,-835.

On February 20, 1980, Plaintiff filed a Motion for Writ of Attachment with Re-

---

1. Haw.Rev.Stat. § 481F.

duced Bond[2] seeking the attachment of Defendants' property to secure satisfaction of an eventual judgment in Plaintiff's favor of $471,740.[3]

■ Defendants oppose Plaintiff's motion on the grounds (1) that the present case fails to meet the statutory conditions for procuring attachment; (2) that attachment of Defendants' property would cause an inequitable result; and (3) that the Hawaii attachment statute is unconstitutional. Since this Court agrees with Defendants' contention that the statutory conditions for attachment have not been met, Defendants' equitable and constitutional arguments need not be addressed. Courts should not pass on the constitutionality of an act of the legislature where the merits of the case at hand may be fairly resolved on alternative grounds. *International Ass'n of Machinists v. Street*, 367 U.S. 740, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961); *District of Columbia v. Little*, 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1950); *District of Columbia v. Davis*, 125 U.S.App.D.C. 371, 371 F.2d 964 (D.C. Cir. 1967).

## II. DISCUSSION

■ Section 651–2 of the Hawaii attachment statute expressly limits the availability of a writ of attachment to actions "upon a contract, express or implied." The attachment remedy, however, is not thereby made available in all actions based upon contract. Relying in part on Section 651–3 of the attachment statute, which requires "an affidavit showing that the defendant is indebted to the plaintiff, specifying the amount of the indebtedness over and above all just credits and offsets," this Court in *Frank F. Fasi Supply Co. v. Wigwam Investment Co.*, 308 F.Supp. 59 (D.Haw.1969) held that attachment is only available where the contract at issue also establishes a debtor-creditor relationship for the payment of money. As the Court stated in *Fasi* after a comprehensive analysis of Hawaii law:

> [T]he Hawaii statute still requires, as a prerequisite for invoking the drastic remedy of garnishment, especially against residents, a clear showing of the existence of a debtor-creditor relationship arising out of an express or implied contract to pay a monetary amount;[4] . . . the monetary amount of the claim must either be clearly indicated by the pleadings and/or the described contract, or by the stated facts giving rise to the implied contract, or be ascertainable with reasonable certainty according to standards set forth in such contract or facts, or the pleadings, or both.[5]

■ Consistent with the preceding language, the *Fasi* Court refused to apply Hawaii's garnishment statute in an action for damages allegedly arising from the breach of various covenants in a lease because the lease, although contractual, did not establish a debtor-creditor relationship. Similar-

---

**2.** Since the amount for which Plaintiff demands judgment exceeds $50,000, he moves this Court to permit a reduced bond of one and one-half times the value of the property proposed to be attached pursuant to Hawaii Revised Statutes Section 651–4.

**3.** Plaintiff originally sought to secure satisfaction of judgment in the sum of $962,945. This figure included relief sought by Vazquez for claims concerning his purchase of wall sculptures by Salvador Dali entitled "Christ of St. John of the Cross." These Dali sculptures, however, are the subject matter of a suit between the same parties pending in the United States District Court for the Central District of California. In order to avoid duplicative litiga-

tion, the parties agreed to strike the claims relating to "Christ of St. John of the Cross" from Vazquez's Amended Complaint. As a result, Plaintiff's claim against Defendants for purposes of the Motion for Writ of Attachment is reduced from $962,945 to $471,740.

**4.** *Fasi* makes clear that the requirement of a debtor-creditor relationship for the payment of a definitely ascertainable monetary sum applies equally to attachment proceedings.

**5.** *Frank F. Fasi Supply Co. v. Wigwam Investment Co.*, 308 F.Supp. at 64.

ly, Plaintiff's complaint in the present case merely alleges the existence of a contract; no evidence additionally suggests a debtor-creditor relationship for the payment of a monetary amount. If Plaintiff and Defendants entered into a contract at all, it was a contract by which Plaintiff obtained rights to certain works of art, not a monetary amount. Accordingly, the holding of *Fasi* compels this Court to find that attachment under Hawaii Revised Statutes Section 651–2 is not available to Plaintiff here.

Plaintiff's Motion for a Writ of Attachment with Reduced Bond is hereby DENIED.